# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL RAIHALA,

        Plaintiff,          Case Number: 07-14083

v.          HONORABLE AVERN COHN

CASS COUNTY DISTRICT JUDGE,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

This is a complaint for declaratory relief filed by Michael Raihala (Plaintiff) a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2),[1] because it fails to state a claim upon which relief may be granted.

## I. Background

Plaintiff alleges that he was arrested without a warrant on January 27, 1991. Plaintiff argues that, under Michigan law, the arresting officer was required to promptly

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

present Plaintiff with a complaint advising him of the charges against him and establishing probable cause. Plaintiff claims that, to date, a complaint has not been filed and that, therefore, the state court never obtained jurisdiction over him. It appears that Plaintiff is currently incarcerated pursuant to a charge related to his 1991 arrest. Plaintiff seeks monetary relief and a declaration that the trial court lacked jurisdiction over him.

## II. Discussion

Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Declaratory Judgment Act is "not an independent source of federal jurisdiction." Louisville and Nashville R. Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir. 1983). It "only provides courts with discretion to fashion a remedy." Heydon v. MediaOne of Southeast Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003). Plaintiff fails to identify any other law under which he seeks relief. Therefore, he fails to state a claim upon which relief may be granted under the Declaratory Judgment Act.

In addition, to the extent that Plaintiff seeks relief under 42 U.S.C. § 1983, he also fails to state a claim upon which relief may be granted. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement, not the fact of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held claims challenging the constitutionality of a prisoner's confinement to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

2

complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.  See also Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

Plaintiff has not shown that his conviction or his sentence have been overturned or declared invalid.  Accordingly, Plaintiff's claims that he is being unconstitutionally incarcerated fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III.  Conclusion

Accordingly, the complaint is **DISMISSED** under 28 U.S.C. § 1915(e).  Further, Plaintiff's Motion for Appointment of Counsel and Motion for Declaratory Relief are **DENIED AS MOOT**.[2]

**SO ORDERED**.

   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 11, 2007

---

[2] Petitioner also recently filed a Motion to Amend Petitioner's Pleading, in which he seeks to amend certain paragraphs of the complaint, and amend and add exhibits to the complaint.  The Court has reviewed the motion and finds no basis for amendment.  Accordingly, the motion is DENIED.

3

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 11, 2007, by electronic and/or ordinary mail.

                                          s/V. Sims for Julie Owens
                                          Case Manager, (313) 234-5160

     Detroit, Michigan